Whitlock, J.
The writ is insufficient, for he does not plead that he disturbed the plaintiff, de libero ingressu, &c. but he omits liberum. 2 H. 4. Condition that he shall not put the plaintiff out of possession, and the breach is assigned that he kept the door shut; it is well enough. Yet it appears that he never had possession. So the replication is good and the breach well alledged, and he disturbed him. Wherefore there shall be judgment for the plaintiff.
Jones, J.
e contra. 1. The bar is good: for liberum ingressum, is no more than ingressum in the condition, it shall be *understood from time to time and libere. Also it is said here that he did not disturb him in the ingresse, &c. secundum formam et effectum conditionis predict.
2. The replication (which ought to be to every point) is bad, for it assigns no breach: for, by intendment there may be other gates. The defendant is not to leave his house open at midnight, but only at reasonable hours. Perhaps the gates were only shut until it should be requested that they might be opened: they are not to be always open: and it is not shewn how long they remained shut.
3. There shall be no repleader after a demurrer; and if the count, the bar, and the replication are all good, the plaintiff shall have judgment. If the bar is bad in substance, or only in matter of form, and the replication be bad; the defendant shall have judgment. This distinction is taken in Ridgeway's case.
Doderidge, J.
The bar is bad, for it omits liberum, for a man may have ingress, &c. with disturbance, 20 E. 4. One was bound not to obstruct or hinder possession, and threatened the party out of the land. It is no breach, for it is no hinderance out of the land. This differs from Seaman’s case, quia modus et conventio here vincunt leges.
Jones, J.
4. There never shall be a repleader alter a demurrer, although there are precedents e contra in the books of entries. For these were not entered by rule of court.
Bendl, 172. Co. Ent. 137.